UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAY ANDREW<br><br>&<br><br>LAVERNE ANDREW<br><br>    Plaintiffs<br><br>vs<br><br>ALLIANCE ONE<br>RECEIVABLES MANAGEMENT<br>INC.<br><br>    Defendant | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiffs, Ray Andrew and LaVerne Andrew, (m/s), by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiffs, Ray Andrew and LaVerne Andrew, (m/s), are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and the Texas Debt Collection Practices Act (TDCPA),

which also prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a primary location in this District.

## III. PARTIES

4. Plaintiff, Ray Andrew, is an adult natural person residing at 9155 Rodeo Drive, Terrell, Texas 75160-6599. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Plaintiff, LaVerne Andrew, is an adult natural person residing in Terrell, Texas. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

6. Defendant, Alliance One Receivables Management, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Texas, with a principal place of business located at 4850 E. Street Road, Ste. 300, Feasterville Trevose, PA 19053-6643.

7. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. In or around the early part of May, 2011, Defendant called, Plaintiff, LaVerne, and informed her that they were calling in regards to her son, Plaintiff, Ray, to collect on an alleged overdue account belonging to Capital One.

9. Defendant went on to inform Plaintiff, LaVerne, that her son, Plaintiff, Ray, owed the Defendant approximately $2,656.00 on this debt.

10. Plaintiff, LaVerne, tried to explain to the Defendant that her son had been ill and in the hospital and perhaps that is why he was late in his payments.

11. The Defendant seemingly ignored what Plaintiff, LaVerne, had stated and went on to inform her that the Defendant would settle the account for $1,500.00 if it was paid that day.

12. Defendant continued to demand payment despite the fact that this debt did not belong to Plaintiff, LaVerne.

13. Defendant at no time during this call asked to confirm the whereabouts of Plaintiff, Ray, who is the alleged holder of this overdue account.

14. Plaintiff, LaVerne, tried again to explain that her son, Plaintiff, Ray, had been sick for about a month, but that she would have him return the call to the Defendant.

15. Defendant's agent, ignored Plaintiff, LaVerne, and continued to ask that the settlement amount be paid.

16. Frightened that her son, Plaintiff, Ray, was in trouble with the Defendant, Plaintiff, LaVerne, finally agreed and paid the Defendant the full amount of $1,500.00 with her personal credit card over the phone.

17. Plaintiff, LaVerne, is not named as a user or a reference on this account.

18. Plaintiff, LaVerne, is an elderly woman who lives on a fixed income along with her husband and could clearly not afford to make such a payment as she did.

19. Later that day, Plaintiff, Ray, called Defendant to ask why they would ask for and accept money from his mother, on his personal account.

20. Defendant informed Plaintiff, Ray, that since he was in the hospital the Defendant had to get the money somehow.

21. Plaintiff, Ray, asked for something in writing proving that the payment had been made and accepted by the Defendant and that the debt was now paid in full.

22. The Defendant told Plaintiff, Ray, that anything in writing would take at least thirty (30) days for the Defendant to issue.

23. To date, the Defendant has yet to ever send anything in writing confirming the settlement had been paid off in full.

24. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendant's unlawful conduct.

25. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

26. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

27. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

29. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

30. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### COUNT I – FDCPA

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692b(2)   Contact of Third Party: Stated that the consumer owes any debt

| | |
|---|---|
| §§ 1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Alliance One Receivables Management, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT II - TDCPA

### VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT

### FINANCIAL CODE - SEC. 392 et.al.

34. Plaintiffs hereby restate, realleges, and incorporate herein by reference all foregoing paragraphs as if set forth fully in this count.

35. Under the Texas Financial Code, deceptive acts or practices in the conduct of any business conducted in the State of Texas is unlawful.

    1. Subchapter D, Section 392.304 (Fraudulent, Deceptive or Misleading Representations);

        392.304a(19) Using any false representation or deceptive means to collect a debt or obtain information about a consumer;

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Alliance One Receivables Management, Inc. for the following:

    a. Actual damages;

    b. Statutory damages pursuant to 15 U.S.C. § 1692k;

    c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

                                                    **Respectfully submitted,**

                                                    **WARREN & VULLINGS, LLP**

**Date: July 6, 2011**                        **BY:**  */s/ Bruce K. Warren BKW4066*
                                                    Bruce K. Warren, Esquire


                                                   **BY:**  */s/ Brent F. Vullings BFV8435*
                                                      Brent F. Vullings, Esquire

                                                   Warren & Vullings, LLP
                                                   93 Old York Road
                                                   Suite 333
                                                   Jenkintown, PA 19046
                                                   215-745-9800   Fax 215-745-7880
                                                   Attorneys for Plaintiffs